IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAROL COPELAND, | ) |
| | ) CASE NO. 07-CV-285 |
| Plaintiff, | ) |
| | ) |
| v. | ) **JURY DEMAND** |
| | ) |
| G.D. SEARLE LLC, PHARMACIA | ) |
| CORPORATION, MONSANTO | ) |
| COMPANY, and PFIZER INC. | ) |
| | ) (Pending Transfer to |
| | ) *In re Bextra & Celebrex Marketing,* |
| | ) *Sales Practices & Prods.* |
| Defendants. | ) *Liab. Litig.* (MDL-1699)) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendants G.D. Searle LLC, Pfizer Inc., and Pharmacia Corporation f/k/a Monsanto Company that was organized in 1933 (improperly captioned in the Complaint as "Monsanto Company") (collectively "Defendants") through undersigned counsel, and with full reservation of all defenses, hereby remove the state court action entitled *Carol Copeland v. G.D. Searle LLC, et al.*, Civil Action No. 07-L-309, filed in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

1.  This action involves personal injury allegations regarding the prescription medication Celebrex®. On September 6, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order, pursuant to 28 U.S.C. § 1407, establishing an MDL proceeding in the Northern District of California (MDL-1699) for such Celebrex®-related actions. *See In re Bextra & Celebrex Marketing, Sales Practices & Prods. Liab. Litig.*, 391 F. Supp. 2d 1377 (J.P.M.L. 2005) (Breyer, J.). Defendants intend to inform the JPML that this case is a potential tag-along action transferable to MDL-1699 pursuant to the Rules of Procedure of the JPML. *See* Rules of

Procedure of the Judicial Panel on Multidistrict Litig., 199 F.R.D. 425 (J.P.M.L. 2001). This case is expected to transfer to the MDL Court in due course.

2. On or about October April 2, 2007, Plaintiff filed a Complaint against Defendants in this action in the Circuit Court, Third Judicial Circuit, Madison County, Illinois, bearing number 07-L-309. A copy of the Complaint is attached hereto as Exhibit A.

3. In this action, Plaintiff alleges that as a result of taking Celebrex® she suffered a "stroke and cardiovascular injuries due to clotting or thrombosis." (Compl. at ¶ 13). Plaintiff alleges that Celebrex® was defectively designed and was not accompanied by adequate warnings. Plaintiff seeks to hold Defendants liable under theories of strict products liability (defective design and failure to warn), negligent design, negligent failure to warn, fraudulent concealment, common law fraud, breach of implied warranty, breach of express warranty, and negligent misrepresentation. (Compl. Counts I-IX).

4. At the time of filing of this Notice of Removal, no defendant has been served. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

5. No further proceedings have been had in the state court action.

6. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

I. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.**

   A. **The Amount-in-Controversy Requirement Is Met.**

7. It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest. Plaintiff alleges that as a result of

taking Celebrex® she suffered a "stroke and cardiovascular injuries due to clotting or thrombosis." (Compl. at ¶ 13). She seeks damages both for "personal injuries and economic damages suffered by Plaintiff, as a result of a defective and dangerous pharmaceutical product, Celebrex." (Id. ¶ 1). Plaintiff's "Prayer for Relief as to All Counts" seeks an award of:

> A. General damages in the sum in excess of the jurisdictional minimum of this Court;
> B. Compensatory damages, including past, present, and future physical pain and suffering, loss of earning capacity, disfigurement, physical impairment, and medical care expenses;
> C. Consequential Damages;
> D. Costs including, but not limited to, discretionary Court costs of this cause, and those costs available under the law, as well as expert fees and attorney fees and expenses, and costs of this action; and,
> E. Such other relief as the Court deems just and proper.

As seen in her "Prayer for Relief as to All Counts" and reiterated in her Prayer for Relief in each individual Count, Plaintiff seeks unlimited damages in excess of the state-court $50,000 jurisdictional minimum in each of her nine counts for the personal injuries she allegedly sustained from using Celebrex®. (Id. ¶ 1; id., Prayer for Relief as to All Counts; id., Counts I-IX, Prayer for Relief).

  8. In the Seventh Circuit, the jurisdictional minimum is established where there is a "reasonable probability" that more than $75,000 is in controversy. *See Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993). "To maintain a suit in which the stakes must exceed some specified minimum ... [the defendant] need demonstrate no more than a good faith, minimally reasonable belief that the suit might result in a judgment in excess of that amount." *Normand v. Orkin Exterminating Co.*, 193 F.3d 908, 910 (7th Cir. 1999).

  9. Given the nature of the alleged personal injuries, and that Plaintiff expressly seeks unlimited compensatory damages for her injuries, the Defendants have shown that there is a reasonable probability that more than $75,000 is in controversy and it is facially apparent from

the Complaint that the amount in controversy exceeds the jurisdictional minimum. *See, e.g., Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006) ("proponent's estimate of the claim's value must be accepted unless there is 'legal certainty' that the controversy's value is below the threshold") (citations omitted); *see also id.* at 541 ("Whether damages will exceed $75,000 is not a fact but a prediction, and with respect to that subject the court must decide whether to a *legal certainty* the claim is really for less than the jurisdictional amount.") (internal quotation omitted and emphasis added); *see generally In re Brand Name Prescription Drugs Antitrust Litig.*, 248 F.3d 668, 671 (7th Cir. 2001) (observing, where plaintiff alleged permanent lung damage in a personal injury suit, that "[i]t is difficult to see how, if he succeeded in proving his claim . . . he would be entitled to less than . . . [the] jurisdictional minimum"); *see also Shaw*, 994 F.2d at 366. As noted, Plaintiff seeks recovery for allegedly serious injuries, and in no way limits the amount in controversy to less than $75,000.

10. Where liability is established, product liability claims in Illinois typically result in substantially more than $75,000 verdicts, particularly where, as here, the plaintiff alleges serious injuries. *See, e.g., Hansen v. Baxter Healthcare Corp.*, 198 Ill. 2d 420, 439 (Ill. 2002); *Proctor v. Upjohn,* 291 Ill. App. 3d 265, 287 (Ill. Ct. App. 1997); *Kochan v. Owens-Corning Fiberglass Corp.*, 242 Ill. App. 3d 781, 810 (Ill. Ct. App. 1993). Similarly, federal courts assessing alleged serious injuries involving prescription medications have determined that the amount-in-controversy requirement was met. *See, e.g., Randle v. Pfizer Inc.*, No. 05-CV-1930, slip op. at 1 (W.D. La. Nov. 22, 2005) (concluding that the jurisdictional minimum requirement was met where "plaintiff claims to have suffered a stroke as a result of her ingestion of Bextra" and "plaintiff also alleges that she seeks more than $50,000 in damages") (Exhibit B).

11.     Thus, based on Plaintiff's allegations of personal injury and economic injuries, as well as her claims for unlimited damages, the amount-in-controversy plainly exceeds the jurisdictional minimum. *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 429 (7th Cir. 1997); *Hansen*, 198 Ill. 2d at 439; *Proctor*, 291 Ill. App. 3d at 287; *Kochan*, 242 Ill. App. 3d at 810.

### B.     There Is Complete Diversity of Citizenship.

12.     There is complete diversity of citizenship between Plaintiff, a citizen of Illinois, and Defendants, none of which is a citizen of Illinois.

13.     Plaintiff is, and was at the time this action was filed, a resident and citizen of Illinois. (*See* Compl. ¶ 1).

14.     Pharmacia Corporation is, and was at the time Plaintiff filed this action, a corporation organized under the laws of the State of Delaware with its principal place of business in New Jersey, and, therefore is a citizen of the State of Delaware and the State of New Jersey for purposes of determining diversity.[1] 28 U.S.C. § 1332(c)(1); *see also* Compl. ¶ 3.

15.     Defendant G.D. Searle LLC is, and at the time of filing of this action was, a limited liability company whose sole member is (and was) Pharmacia & Upjohn Company LLC, which is, and at the time of the filing of this action was, a limited liability company whose sole

---

[1] With respect to the party improperly captioned as "Monsanto Company," in 1933, an entity known as Monsanto Company was incorporated under the laws of Delaware. On March 31, 2000, a subsidiary of 1933 Monsanto Company merged with Pharmacia & Upjohn, Inc., and Monsanto Company changed its name to Pharmacia Corporation ("Pharmacia"). As shown above, Pharmacia is a citizen of Delaware and New Jersey.

Although there also is a current agricultural entity known as Monsanto Company, that entity is not involved, and has never been involved, in the development, sale, marketing or any other aspect of Celebrex®. Regardless, even if that entity were properly joined (and it is not), it would not disturb this Court's diversity jurisdiction because that Monsanto entity is a corporation existing under the laws of Delaware, having its principal place of business in Missouri. *See also* Compl. ¶ 4. Plaintiff is not a citizen of Delaware or Missouri.

member is (and was) Pharmacia & Upjohn LLC, which is, and at the time of the filing of this action was, a limited liability company whose sole member is (and was) Pharmacia Corporation which is, and at the time of the filing of this action was, a corporation existing under the laws of Delaware, having its principal place of business in New Jersey. Thus, for jurisdictional purposes, G.D. Searle LLC is a citizen of Delaware and New Jersey. *See, e.g., Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (holding an LLC's citizenship is that of its members for diversity jurisdiction purposes); *cf.* Compl. ¶ 2.

16. Pfizer Inc. is, and was at the time Plaintiff filed this action, a corporation organized under the laws of the State of Delaware with its principal place of business in New York, and therefore is a citizen of the States of Delaware and New York for purposes of determining diversity. 28 U.S.C. § 1332(c)(1); *see also* Compl. ¶ 5.

## II.     THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

17. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

18. The United States District Court for the Southern District of Illinois embraces the county in which the state court action is now pending. Therefore, this action is properly removed to the Southern District of Illinois pursuant to 28 U.S.C. §§ 93(c) and 1441(a).

19. Because G.D. Searle LLC, Pfizer Inc., and Pharmacia Corporation f/k/a Monsanto Company that was organized in 1933, have all joined in this removal and are the only defendants in this action, the consent of no other party is required in this removal.

20. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of this removal and a copy of the Notice of Removal with the clerk of the state court in which this action is currently pending and will serve a copy of this notice on all parties to the removed action.

21. A copy of the Complaint in this action is attached at Exhibit A. *See* 28 U.S.C. § 1446(a).

WHEREFORE, Defendants G.D. Searle LLC, Pfizer Inc. and Pharmacia Corporation f/k/a Monsanto Company that was organized in 1933, respectfully remove this action from the Circuit Court, Third Judicial Circuit, Madison County, Illinois, bearing Number 07-L-309, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the removal of this matter, the Defendants respectfully request an opportunity to provide briefing and an oral argument as to why removal is proper.

Dated: April 17, 2007          By:   /s/ Robert H. Shultz, Jr.
                                     HEYL, ROYSTER, VOELKER & ALLEN
                                     Robert H. Shultz, Jr. - #03122739
                                     103 West Vandalia Street, Suite 100
                                     Edwardsville, Illinois 62025
                                     Telephone: (618) 656-4646
                                     *Attorneys for G.D. Searle LLC, Pfizer Inc.,
                                     and Pharmacia Corporation f/k/a
                                     Monsanto Company that was organized in
                                     1933 (improperly captioned in the
                                     Complaint as "Monsanto Company")*

Of Counsel:
Sherry A. Knutson
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

## PROOF OF SERVICE

I hereby certify that on **April 17 2007**, I electronically filed the foregoing document with the Clerk of the Court of the Southern District of Illinois using the CM/ECF system and I hereby certify that on **April 17, 2007**, I served by U.S. mail the foregoing document on the following:

                                                    /s/ Robert H. Shultz, Jr.
                                                   HEYL, ROYSTER, VOELKER & ALLEN

**Copies mailed to:**

Robert D. Rowland
Aaron K. Dickey
2227 South State Route 157
P.O. Box 959
Edwardsville, Illinois 62025