**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CAROL COPELAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 07-cv-285 |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| G.D. SEARLE LLC, PHARMACIA | ) | |
| CORPORATION, MONSANTO | ) | |
| COMPANY, PFIZER INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS G.D. SEARLE LLC, PHARMACIA CORPORATION, AND
PFIZER INC.'S ANSWER AND SEPARATE AND ADDITIONAL
DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COME Defendants G.D. Searle LLC ("Searle"), Pharmacia Corporation f/k/a

Monsanto Company that was organized in 1933 ("Pharmacia," improperly captioned in

Plaintiff's Complaint as "Monsanto Company"), and Pfizer Inc. ("Pfizer") (collectively

"Defendants"), and for their answer to Plaintiff's Complaint state as follows:

1.      Defendants admit that Plaintiff is an adult resident of Edwardsville, Illinois.

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the

relief requested in Paragraph 1 of Plaintiff's Complaint and specifically deny Celebrex® caused

injury or damages to Plaintiff.  Further, Defendants deny that Celebrex® was or is "defective" or

"dangerous."  Defendants admit that, during certain times, Pharmacia marketed Celebrex®,

Pfizer marketed and co-promoted Celebrex®, Searle developed, marketed and distributed

Celebrex®, and that Celebrex® was manufactured for Searle. Defendants deny all remaining or

inconsistent allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.      Defendants admit that G.D. Searle LLC ("Searle") is a Delaware limited liability

company with its principal place of business in Illinois and that it is registered to do business in

Illinois.  Defendants further admit that Searle may be severed through its registered agent. Searle's sole member is Pharmacia & Upjohn Company LLC, which is a limited liability company whose sole member is Pharmacia & Upjohn LLC, which is a limited liability company whose sole member is Pharmacia Corporation which is a corporation existing under the laws of the State of Delaware with its principal place of business in the State of New Jersey.  Defendants admit that, during certain times, Searle developed, marketed and distributed Celebrex®, and that Celebrex® was manufactured for Searle to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny all remaining or inconsistent allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.    Defendants admit that Pharmacia is a corporation existing under the laws of the State of Delaware.  Defendants further admit that, during certain times, Pharmacia marketed Celebrex® in the United States for the indications set forth in the FDA-approved package insert and as permitted by law.  Defendants deny all remaining or inconsistent allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.    Defendants admit that in 1933 an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged in the agricultural business and does not and has not ever manufactured, marketed, sold, or distributed Celebrex®.  The 2000 Monsanto is not and has never been the parent of either Searle or Pharmacia.  As the 2000 Monsanto does not and has not ever manufactured, marketed, sold, or

distributed Celebrex®, Defendants state, therefore, that the 2000 Monsanto is not a proper party in this matter. Defendants deny Monsanto is the parent of Pharmacia. Defendants deny the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      Defendants admit that Pfizer is a Delaware corporation with its principal place of business in the State of New York. Defendants admit that, during certain times, Pfizer marketed and co-promoted Celebrex® throughout the United States to be prescribed by healthcare providers who are authorized by law to prescribe drugs in accordance with their approval by the FDA. Defendants deny all remaining or inconsistent allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.      Paragraph 6 contains legal conclusions to which no response is needed. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Paragraph 7 contains legal conclusions to which no response is needed. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant admits that it has duties as are imposed by law, but denies that it has breached any such duties. Defendant states that the potential effects of Celebrex® are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies all remaining or inconsistent allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant admits that it has duties as are imposed by

law, but denies that it has breached any such duties.  Defendant denies all remaining or

inconsistent allegations contained in Paragraph 9 of Plaintiff's Complaint, and specifically denies

any "fraudulent concealment."

      10.     Defendants admit that, as indicated in the package insert, Celebrex® has been

approved by the FDA for the following indications: (1)  for relief of the signs and symptoms of

osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for

the relief of the signs and symptoms of juvenile rheumatoid arthritis in patients 2 years and older;

(4) for the relief of the signs and symptoms of ankylosing spondylitis; (5) for the management of

acute pain in adults; (6) for the treatment of primary dysmenorrheal; and (7) to reduce the

number of adenomatous colectoral polyps in patients with familial adenomatous polyposis, as an

adjunct to usual care (e.g., endoscopic surveillance, surgery).  Defendants admit that, during

certain times, Pharmacia marketed Celebrex®, Pfizer marketed and co-promoted Celebrex®,

Searle developed, marketed and distributed Celebrex®, and that Celebrex® was manufactured

for Searle.  Defendants deny misrepresenting the safety and effectiveness of Celebrex®.

Defendants state that Celebrex® was and is safe and effective when used in accordance with its

FDA-approved prescribing information.  Defendants deny all remaining or inconsistent

allegations contained in Paragraph 8 of Plaintiff's Complaint.

      11.     Defendants admit that, during certain times, Pharmacia marketed Celebrex®,

Pfizer marketed and co-promoted Celebrex®, Searle developed, marketed and distributed

Celebrex®, and that Celebrex® was manufactured for Searle.  Defendants deny misrepresenting

the safety and effectiveness of Celebrex®.  Defendants state that Celebrex® was and is safe and

effective when used in accordance with its FDA-approved prescribing information.  Defendants

deny all remaining or inconsistent allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Paragraph 12 contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants state that during certain times, Pharmacia marketed Celebrex®, Pfizer marketed and co-promoted Celebrex®, Searle developed, marketed and distributed Celebrex®, and that Celebrex® was manufactured for Searle. Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in Paragraph 12 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury or damages to Plaintiff.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 concerning Plaintiff's use of Celebrex® or medical condition, and therefore deny same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny all remaining or inconsistent allegations contained in Paragraph 13 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury or damages to Plaintiff.

14.     Defendants admit that, during certain times, Pharmacia marketed Celebrex®, Pfizer marketed and co-promoted Celebrex®, Searle developed, marketed and distributed Celebrex®, and that Celebrex® was manufactured for Searle. Defendants further state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint and specifically deny any "wrongful conduct."

15.     Defendants admit that, during certain times, Pharmacia marketed Celebrex®, Pfizer marketed and co-promoted Celebrex®, Searle developed, marketed and distributed Celebrex®, and that Celebrex® was manufactured for Searle. Defendants deny all remaining or inconsistent allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.    Defendants deny the allegations contained in Paragraph 16 of Plaintiff's complaint.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants further state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

17.    Paragraph 17 contains a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.    Defendants admit that, during certain times, Pharmacia marketed Celebrex®, Pfizer marketed and co-promoted Celebrex®, Searle developed, marketed and distributed Celebrex®, and that Celebrex® was manufactured for Searle.  Defendants deny all remaining or inconsistent allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.    Paragraph 19 contains a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.    Paragraph 20 contains a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 20 as though fully rewritten herein.

22.    Defendants admit that, during certain times, Pharmacia marketed Celebrex®, Pfizer marketed and co-promoted Celebrex®, Searle developed, marketed and distributed

Celebrex®, and that Celebrex® was manufactured for Searle. Defendants deny all remaining or inconsistent allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.    Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint and specifically deny that Celebrex® was or is "defective in design" or "unreasonably dangerous." Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

24.    Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint and specifically deny that Celebrex® was or is "defective in design" or "dangerous." Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

25.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged use of Celebrex®, and therefore deny same. Defendants deny all remaining or inconsistent allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged use of Celebrex®, and therefore deny same. Defendants further deny that Celebrex® has "dangerous propensities." Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny all remaining or inconsistent allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.    Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint and specifically deny that Celebrex® was or is "dangerous" or defective," and that it caused injury or damages to Plaintiff.

28.    Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury or damages to Plaintiff.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 1</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 1 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 1.

29.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 28 as though fully rewritten herein.

30.    Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

31.    Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint and specifically deny that Celebrex® had "dangerous characteristics" and that it was or is "an unreasonably dangerous defective product."  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

32.    Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

33.    Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.    Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

35.    Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

36.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged use of Celebrex®, and therefore deny

same.  Defendants deny all remaining or inconsistent allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.    Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury or damages to Plaintiff.

38.    Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.    Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury or damages to Plaintiff.

ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 2:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 2 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 2.

40.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 39 as though fully rewritten herein.

41.    Defendants admit that, during certain times, Pharmacia marketed Celebrex®, Pfizer marketed and co-promoted Celebrex®, Searle developed, marketed and distributed Celebrex®, and that Celebrex® was manufactured for Searle.  Defendants deny all remaining or inconsistent allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.    Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Complaint and specifically deny that Celebrex® was or is "defective in design" or "unreasonably dangerous."  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

43.     Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Complaint and specifically deny that Celebrex® was or is "defective in design" or "dangerous." Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

44.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged use of Celebrex®, and therefore deny same.  Defendants further deny that Celebrex® has "dangerous propensities."  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny all remaining or inconsistent allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.     The allegations contained in Paragraph 45 contain legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendants admit that they have duties imposed by law, but deny that they have breached any such duties.  Defendants deny all remaining or inconsistent allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.     Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Complaint and specifically deny that Celebrex® has a "negligent design," and that it caused injury or damages to Plaintiff.

47.     Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury or damages to Plaintiff.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 3</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 3 of the Complaint. To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 3.

48.     Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 47 as though fully rewritten herein.

49.     The allegations contained in Paragraph 49 contain legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit that they have duties imposed by law, but deny that they have breached any such duties. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny all remaining or inconsistent allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Complaint, including subparts (A) through (E). Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

51.     Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved

prescribing information, which was at all times adequate and comported with applicable standards of care and law.

52.    Defendants deny the allegations contained in Paragraph 52 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury or damages to Plaintiff.

53.    Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury or damages to Plaintiff.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 4</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 4 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 4.

54.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 53 as though fully rewritten herein.

55.    Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Complaint and specifically deny any concealment or omission.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

56.    Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Complaint and specifically deny any "omissions."  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants further state that the potential effects of Celebrex® were and are adequately

described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

57.    Defendants deny the allegations contained in Paragraph 57 of Plaintiff's Complaint and specifically deny any omissions.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

58.    Defendants deny the allegations contained in Paragraph 58 of Plaintiff's Complaint.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

59.    Defendants deny the allegations contained in Paragraph 59 of Plaintiff's Complaint and specifically deny any "fraudulent concealment."  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

60.    Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's meaning of "duty to speak" and therefore deny same.  Defendants deny all remaining or inconsistent allegations contained in Paragraph 60 of Plaintiff's Complaint.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved

prescribing information, which was at all times adequate and comported with applicable standards of care and law.

61.      Defendants deny the allegations contained in Paragraph 61 of Plaintiff's Complaint.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

62.      Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's meaning of "the information," and therefore deny same.  Defendants deny all remaining or inconsistent allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.      Defendants deny the allegations contained in Paragraph 63 of Plaintiff's Complaint.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

64.      Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Complaint.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

65.      Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Complaint.  Defendants state that the potential effects of Celebrex® were and are adequately

15

described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

66.     Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Complaint.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

67.     Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.     Defendants deny the allegations contained in Paragraph 68 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury or damages to Plaintiff.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 5</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 5 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 5.

69.     Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 68 as though fully rewritten herein.

70.     Defendants deny the allegations contained in Paragraph 70 of Plaintiff's Complaint and specifically deny any "false representations" or "omissions."  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

71.    Defendants deny the allegations contained in Paragraph 71 of Plaintiff's Complaint and specifically deny any false "representations and omissions." Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

72.    Defendants deny the allegations contained in Paragraph 72 of Plaintiff's Complaint and specifically deny any "false representations" or "omissions."  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

73.    Defendants deny the allegations contained in Paragraph 73 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury or damages to Plaintiff.

74.    Defendants deny the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.    Defendants deny the allegations contained in Paragraph 75 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury or damages to Plaintiff.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 6</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 6 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 6.

76.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 75 as though fully rewritten herein.

77.    Defendants admit that, during certain times, Pharmacia marketed Celebrex®, Pfizer marketed and co-promoted Celebrex®, Searle developed, marketed and distributed Celebrex®, and that Celebrex® was manufactured for Searle.  Defendants deny all remaining or inconsistent allegations contained in Paragraph 77 of Plaintiff's Complaint.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

78.    Defendants deny the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.    Defendants deny the allegations contained in Paragraph 79 of Plaintiff's Complaint and specifically deny that Celebrex® was or is "unreasonably dangerous," and that it caused injury or damages to Plaintiff.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

80.    Defendants deny the allegations contained in Paragraph 80 of Plaintiff's Complaint and specifically deny that Celebrex® was or is "dangerous" or "defective," and that it caused injury or damages to Plaintiff.

81.    Defendants deny the allegations contained in Paragraph 81 of Plaintiff's Complaint and specifically deny that Celebrex® was or is "defective," and that it caused injury or damages to Plaintiff.

82.    Defendants deny the allegations contained in Paragraph 82 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury or damages to Plaintiff.

ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 7:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 7 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 7.

83.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 82 as though fully rewritten herein.

84.    The allegations of Paragraph 84 contain legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 84 of Plaintiff's Complaint.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

85.    Defendants admit that Celebrex® has been approved by the FDA for the following indications: (1)  for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the relief of the signs and symptoms of juvenile rheumatoid arthritis in patients 2 years and older; (4) for the relief of the signs and symptoms of ankylosing spondylitis; (5) for the management of acute pain in adults; (6) for the treatment of primary dysmenorrheal; and (7) to reduce the number of adenomatous colectoral polyps in patients with familial adenomatous polyposis, as an adjunct to usual care (e.g., endoscopic surveillance, surgery).  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny all remaining or inconsistent allegations contained in Paragraph 85 of Plaintiff's Complaint.

86.    Defendants deny the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87.    Defendants deny the allegations contained in Paragraph 87 of Plaintiff's Complaint.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

88.    Defendants deny the allegations contained in Paragraph 88 of Plaintiff's Complaint and specifically deny that Celebrex® was or is "defective" or "dangerous," and that it caused injury or damages to Plaintiff.

89.    Defendants deny the allegations contained in Paragraph 89 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury or damages to Plaintiff.

90.    Defendants deny the allegations contained in Paragraph 90 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury or damages to Plaintiff.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 8</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 8 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 8.

91.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 90 as though fully rewritten herein.

92.     Defendants deny the allegations contained in Paragraph 92 of Plaintiff's Complaint.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

93.     Defendants deny the allegations contained in Paragraph 93 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

94.     Defendants deny the allegations contained in Paragraph 94 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

95.     Defendants deny the allegations contained in Paragraph 95 of Plaintiff's Complaint, including subparts (A) through (E).  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

96.     Defendants deny the allegations contained in Paragraph 96 of Plaintiff's Complaint and specifically deny any "misrepresentations" or "omissions."  Defendants state that

the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

97.     Defendants deny the allegations contained in Paragraph 97 of Plaintiff's Complaint and specifically deny any "misrepresentations" or "active concealment."  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

98.     Defendants deny the allegations contained in Paragraph 98 of Plaintiff's Complaint and specifically deny that Celebrex® was or is "dangerous" or "defective," and that it caused injury or damages to Plaintiff.

99.     Defendants deny the allegations contained in Paragraph 99 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury or damages to Plaintiff.

100.     Defendants deny the allegations contained in Paragraph 100 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury or damages to Plaintiff.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 9</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 9 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 9.

<u>ANSWER TO PRAYER FOR RELIEF</u>

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the unnumbered prayer for relief.  To the extent a response is

deemed necessary, Defendants deny the allegations contained in the prayer for relief, including subparts (A) through (E).

## ADDITIONAL DEFENSES

By asserting the following affirmative defenses, Defendants do not allege or admit they have the burden of proof and/or the burden of persuasion with respect to any of these matters:

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred by the applicable statute of limitations and/or repose.

3.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

4.    The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the art industry standards existing at the time of the sale.

5.    The claims asserted in the Complaint are barred in whole or in part by the learned intermediary doctrine.

6.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by operation of nature or other supervening or intervening conduct of persons other than Defendants, and for whose conduct Defendants are not responsible, or with whom Defendants have no legal relation or legal duty to control.

7.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by the negligence of Plaintiff in failing to exercise due and

proper care under the existing circumstances and conditions, and his damages, if any, are barred
or reduced by the doctrines of contributory or comparative negligence.

8.      If Plaintiff sustained any injuries or incurred any losses or damages as alleged in
the Complaint, the same was caused by the unforeseeable alterations, improper handling, or other
unforeseeable misuse of Celebrex® by persons other than Defendants or persons acting on their
behalf.

9.      The claims asserted in the Complaint are barred, in whole or in part, because
Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which
it was intended, and was distributed with adequate and sufficient warnings.

10.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of
laches, waiver, and/or estoppel.

11.     Plaintiff's claims are barred because his injuries, if any, were the result of the pre-
existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses,
subsequent medical conditions or natural courses of conditions of Plaintiff, and were
independent of or far removed from Defendants' conduct.

12.     If Plaintiff sustained any injuries or incurred any losses or damages as alleged in
the Complaint, the same was caused by unforeseeable idiosyncratic reactions of Plaintiff.

13.     Plaintiff's claims are barred by the doctrines contained in the Restatement
(Second) Torts §402(A), Comment j, Restatement (Second) Torts §402(A), Comment k, and/or
Restatement (Third) of Torts:  Products Liability §§ 4 *et. seq.* and 6.

14.     The claims asserted in the Complaint are barred, in whole or in part, because
Celebrex® did not proximately cause injuries or damages to Plaintiff.

15.     To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

16.     The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendants' conduct.

17.     The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

18.     The claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to Celebrex® were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

19.     The claims must be dismissed because Plaintiff would have taken Celebrex® even if the product labeling contained the information that Plaintiff contends should have been provided.

20.     The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

21.     Plaintiff's fraud-based claims, if any, are not stated with particularity as required by Rule 9 of the Federal Rules of Civil Procedure.

22.     Plaintiff's damages, if any, are limited by the failure to mitigate by Plaintiff.

23.    The claims asserted in the Complaint are barred, in whole or in part, because Defendants did not violate the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 ILCS 505/1 *et seq.*, and/or this Act is not applicable to this matter and/or to this Plaintiff.

24.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

25.    The liability of Defendants, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.  Defendants seek an adjudication of the percentage of fault of the claimant and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

26.    Defendants are entitled to credit for any settlement of claims for alleged injuries and damages made by Plaintiff with any other defendant or other person or entity.

27.    Plaintiff's claims are preempted by federal law and regulations, including but not limited to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. §301 *et. seq.,* the regulations promulgated thereunder, and the United States Constitution, Article IV, clause 2.

28.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

29.    The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Complaint.

30.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug &

Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated thereunder, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®. Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

31.     If Plaintiff sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation sold by Defendants or other sellers.

32.     If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

33.     Plaintiff's claims are barred in whole or in part because Celebrex® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

34.     Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

35.     Plaintiff's claims are barred in whole or part because they have been filed in an improper venue.

36.    Plaintiff's cause of action for implied warranty is barred by Plaintiff's failure to give Defendants notice of the events alleged and the cause of action, of which the Defendants had no knowledge.

37.    Plaintiff did not notify Defendants within a reasonable period of time after he discovered, or should have discovered, the alleged defect in Celebrex®, barring his claims for recovery.

38.    If Plaintiff sustained any injury or incurred any loss or damage as alleged in the Complaint, the same was caused by the unforeseeable alteration, improper handling, or other unforeseeable misuse of Celebrex® by person(s) other than Defendants or those acting on its behalf.

39.    If Plaintiff sustained any injury or incurred any loss or damage as alleged in the Complaint, the same was caused by risks knowingly assumed by Plaintiff.

40.    Defendants reserve the right to assert any additional defense which might come to its attention or might be developed during the pendency of this action.

## JURY DEMAND

Defendants hereby demand a jury trial on all issues so triable in this action.

Of Counsel:                                    By:    /s/ Robert H. Shultz, Jr.
Sherry A. Knutson                              HEYL, ROYSTER, VOELKER & ALLEN
SIDLEY AUSTIN LLP                              Robert H. Shultz, Jr. - #03122739
One South Dearborn Street                      103 West Vandalia Street, Suite 100
Chicago, Illinois  60603                       Edwardsville, Illinois  62025
(312) 853-7000                                 Telephone:  (618) 656-4646
                                               Attorneys for G.D. Searle LLC, Pfizer Inc.,
                                               and Pharmacia Corporation f/k/a Monsanto
                                               Company that was organized in 1933
                                               (improperly captioned in the Complaint as
                                               "Monsanto Company")

**PROOF OF SERVICE**

      I hereby certify that on April 18, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

      Robert D. Rowland     rrowland@ghalaw.com


                      /s/ Robert H. Shultz, Jr.
                      HEYL, ROYSTER, VOELKER & ALLEN